Roger S. Braugh, Jr. (Pro Hac Vice)
**SICO, WHITE, HOELSCHER & BRAUGH L.L.P.**
802 N. Carancahua, Suite 900
Corpus Christi, TX 78470
Telephone (361) 653-3300

Linda B. Williamson (No. 009891)
**LUCIA STARK WILLIAMSON LLP**
2700 N. Central Ave., Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-4400
Facsimile: (602) 285-4483

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Juarez Moreno, individually and as surviving spouse, and on behalf of all statutory beneficiaries of Antonia de Santiago Castillo, deceased; et. al.,<br>              Plaintiffs,<br>v.<br>Bridgestone/Firestone, Inc., an Ohio Corporation; Bridgestone/Firestone North American Tire, L.L.C., a Delaware limited liability company; Bridgestone Americas Holding, Inc., a Nevada corporation; Bridgestone Corporation, a Japanese corporation; Black and White Corporations I-X; Black and White Partnerships I-X; John Does 1-10,<br>              Defendants. | No. CIV 07-889-PHX-NVW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S OMNIBUS MOTION IN LIMINE** |

COME NOW Plaintiffs and file their Opposition to Defendant Bridgestone Firestone North American Tire, LLC's (hereinafter "Firestone") Omnibus Motion *in*. As with so many of Firestone's other motions *in limine*, however, Firestone seeks to obtain numerous pretrial rulings of enormous breadth, regardless of the relevance or

admissibility of such evidence. Each of Firestone's omnibus motions are addressed below.

**1. Firestone's Alleged Moral or Ethical Obligations**

This motion is an attempt by Firestone to restrict Plaintiffs' word choices at trial without much explanation as to what Firestone is really concerned with. Jury argument that Firestone had an obligation as a manufacturer to design and manufacture tires safe for the general public is certainly permissible at trial, and since negligence claims have been pled, that Firestone has a legal duty of care cannot be denied. Whether termed in legal terms or common terms, Firestone does have moral and ethical obligations—the duty of ordinary care that we expect of manufacturers in the same or similar circumstances. Based on Firestone's amorphous motion, comments such as the above could be as a violation of this generic motion *in limine*. This motion ought to be denied.

**2. Firestone's Insurance Coverage/Indemnity Coverage**

Plaintiffs agree to this motion, and therefore will approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

**3. Firestone's Wealth, Net Worth or Ability to Pay**

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Plaintiffs do ask that this request be mutually binding on all parties so that Defendants are not allowed to discuss their wealth, net worth, ability to pay, or the effect an adverse judgment may have on their company. Therefore, Plaintiffs agree to this section of Defendants'

Motion as long as this order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

**4. Offers of Settlement or Settlement Negotiations**

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Plaintiffs do ask that this request be mutually binding on all parties so that Defendants are not allowed to discuss any settlement negotiations. Therefore, Plaintiffs agree to this section of Defendants' Motion as long as this order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

**5. Firestone's Attorneys**

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Plaintiffs do ask that this request be mutually binding on all parties. Therefore, Plaintiffs agree to this section of Defendants' Motion as long as this order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

**6. Firestone's Japanese Parent Company or The Nationality of Any of Firestone's Japanese Employees**

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Therefore, Plaintiffs agree to this section of Defendants' Motion. Plaintiffs agree to approach the bench prior to

making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

### 7. Outrageous Commentary

This motion is another attempt by Firestone to restrict Plaintiffs' word choices at trial without much explanation at all as to what Firestone is concerned with. Plaintiffs object to the vagueness of the definition of "outrageous commentary" wherein Plaintiffs' counsel could be accused of violating this motion at the discretion of defense counsel.

While Plaintiffs generally agree not to state anything "outrageous", Plaintiffs' definition will likely differ from the Defendant's definition. The basic rules of evidence and procedure regarding trial testimony and/or jury arguments provide the safeguards sought by Defendants, and these matters cannot be amorphously regulated by overly broad and vague motions in limine. Plaintiffs simply cannot agree to this Motion as phrased. Once again, this Motion is so vague, confusingly titled and lacking in specifics that it provides no basis for the Court to grant a ruling *in limine*.

### 8. Demands In Front of the Jury that Firestone Produce Any Document, Stipulate to Any Fact, or Make Any Agreement

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Plaintiffs agree to this section of Defendants' Motion as long as this order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

### 9. Plaintiffs Bringing Suit in Order to Enhance Consumer Safety

In this motion *in limine*, Firestone asks this Court to exclude any reference to or evidence, testimony, or argument concerning statements regarding "consumer safety" as a purpose of this suit. Without question, this is a product defect lawsuit in which Plaintiffs claim that an unsafe product caused their physical injuries and decedent's death. Plaintiffs will present evidence that their decedent's death was the result of defects in the subject Firestone tire that were known to Firestone prior to the subject incident.

Despite the nature of Plaintiffs' allegations, and the reality that this case necessarily revolves around a consumer safety issue, Firestone has filed another of its "word choice" motions *in limine* seeking to limit what words Plaintiffs' counsel can argue to a jury. The fact that Firestone would even suggest that this case is *not* about consumer safety and would ask that statements about "consumer safety" be precluded provides significant insight into its very approach to safety and to product litigation. Plaintiffs respectfully request that the Court deny this Motion. Product liability cases such as this do affect and are part of consumer safety.

### 10. What Plaintiffs Intend to do with the Proceeds of Any Award

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to any potential charitable uses of an award in this case. Therefore, to this extent, Plaintiffs agree to this *in limine* request. However, testimony that an award for the death of a wife and mother may be used by her surviving husband to support her surviving children is not improper. Plaintiffs intend to offer such basic evidence. Aside from that one area, Plaintiffs agree to this

section of Defendants' Motion and agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

**11. Reference to Discovery Disputes and Allegations of Procedural Improprieties**

With one exception, Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. The one exception is Firestone's refusal and failure to produce adjustment data on Steeltex Load Range E tires that have a nylon cap ply. Plaintiffs intend to comment on the absence of such data, which is in Firestone's possession, as the same was requested but never produced in discovery. Although Firestone denies that cap plies reduce in the incidence of belt separations, it will not produce the data in its possession that would prove or disprove this point. This failure to produce is therefore relevant and probative on this one limited issue. Otherwise, Plaintiffs agree to this section of Defendants' Motion as long as this order is mutually binding on all parties.

**12. Any Reference to Motions in Limine**

Plaintiffs do not intend to refer to or otherwise attempting to introduce at trial testimony or evidence relating to this *in limine* request. Plaintiffs do ask that this request be mutually binding on all parties. Therefore, Plaintiffs agree to this section of Defendants' Motion as long as this order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making any remarks or attempting to offer any evidence on these topics in the presence of the jury.

DATED this 8th day of December, 2008.

**SICO, WHITE, HOELSCHER & BRAUGH L.L.P. and LUCIA STARK WILLIAMSON LLP**

By /s/ Roger S. Braugh, Jr.
    Roger S. Braugh, Jr.
    802 N. Carancahua, Suite 900
    Corpus Christi, TX 78470
    Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 8, 2008, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William L. Thorpe
Scott Day Freeman
FENNEMORE CRAIG, P.C.
3003 N. Central Avenue, Suite 2600
Phoenix, AZ 85012-2913
wthorpe@fclaw.com
sfreeman@fclaw.com

Matthew D. Kleifield
KUNZ PLITT HYLAND & KLEIFIELD
3838 North Central Avenue, Suite 15
Phoenix, Arizona 85012
mdk@kunzlegal.com

Scott G. Edwards
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
sedwards@hdbdk.com

Marc R. Brosseau
KERR BROSSEAU BARTLETT O'BRIEN, LLC
1500 Broadway, Suite 1600
Denver, Colorado 75206
mbrosseau@kbbolaw.com

Linda B. Williamson
LUCIA STARK WILLIAMSON LLP
2700 N. Central Ave., Suite 1400
Phoenix, AZ 85004
lbw@lswaz.com

                                        By s/Roger S. Braugh, Jr.