Roger S. Braugh, Jr. (Pro Hac Vice)
**SICO, WHITE, HOELSCHER & BRAUGH L.L.P.**
802 N. Carancahua, Suite 900
Corpus Christi, TX 78470
Telephone (361) 653-3300

Linda B. Williamson (No. 009891)
**LUCIA STARK WILLIAMSON LLP**
2700 N. Central Ave., Suite 1400
Phoenix, Arizona  85004
Telephone: (602) 285-4400
Facsimile:  (602) 285-4483

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Juarez Moreno, individually and as surviving spouse, and on behalf of all statutory beneficiaries of Antonia de Santiago Castillo, deceased; et. al., <br> Plaintiffs, <br><br> v. <br><br> Bridgestone/Firestone, Inc., an Ohio Corporation; Bridgestone/Firestone North American Tire, L.L.C., a Delaware limited liability company; Bridgestone Americas Holding, Inc., a Nevada corporation; Bridgestone Corporation, a Japanese corporation; Black and White Corporations I-X; Black and White Partnerships I-X; John Does 1-10, <br> Defendants. | No. CIV 07-889-PHX-NVW <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DISSIMILAR TIRE DESIGNS** <br><br><br> **(ORAL ARGUMENT REQUESTED)** |

COME NOW, Plaintiffs and file their Opposition to Defendant Bridgestone Firestone North American Tire, LLC's (hereinafter "Firestone") Motion *in limine* for an order precluding Plaintiffs, their attorneys, and all witness and experts from referring to or otherwise attempting to introduce at trial testimony or evidence relating to other models of tires, including foreign tires and accidents, and any voluntary safety campaigns, recalls, or replacement programs involving such

-1-

dissimilar tires.  While Plaintiffs generally disagree with Defendant's motion and the blanket approach applying to all other tires or incidents not *identical* to the subject incident, Plaintiffs have not intention to present evidence on many topics addressed by Defendant.   With regard to the other tires/incidents Plaintiffs do intend to address, the relevancy/substantially similar threshold is easily met.

## ARGUMENTS AND AUTHORITIES

### 1. PLAINTIFFS DO NOT INTEND ON PRESENTING EVIDENCE ON THE MANY PROBLEMS ASSOCIATED WITH THE FIRESTONE RADIAL ATX AND WILDERNESS AT TIRES TO THE JURY

Design and manufacturing problems at Firestone's Decatur, Illinois plant, prompted the recall of millions of Firestone tires in 2000/2001 along with a federal investigation into safety aspects of these tires.  Although the defects in the Wilderness AT and Radial ATX tires are certainly relevant to Plaintiffs' claims, Plaintiffs do not intend to present evidence to the jury regarding these tires, the recall, or the many lives lost and effected by the defective nature of these tires.  However, Firestone's Corporate Representative previously testified in this case that he believes there was "not a design defect" in the tires that were recalled stating:

> 9    Q.  So your belief and view is that there is
>
> 10   not a design defect in the Radial ATX or
>
> 11   Wilderness AT tires that were recalled; is that
>
> 12   true?
>
> 13   A.  Right, not specifically, that's right.

*See* Deposition of Brian Queiser (June 10, 2008) p. 31-34.  Information concerning the tire defects and the recall would be used for impeachment of this witness' credibility and veracity.

> **2. TESTIMONY OR EVIDENCE RELATING TO OTHER MODELS OF TIRES AND ACCIDENTS, OTHER CLAIMS, AND VOLUNTARY SAFETY CAMPAIGNS, RECALLS OR REPLACEMENT PROGRAMS IS ADMISSIBLE IF PLAINTIFFS PROVE THAT SUCH EVIDENCE IS SUBSTANTIALLY SIMILAR TO THE SUBJECT TIRE AND THE CLAIMS MADE IN THIS CASE.**

Once the proper foundation is established, evidence of similar prior accidents (and thus prior claims and lawsuits against Firestone) are admissible if it is shown that the previous conditions were substantially similar to the conditions resulting in the accident at issue. *See White v. Ford Motor Company*, 312 F.3d 998, 1009 (9th Cir. 2002).  The issue of prior accidents is, with the proper foundation, relevant to establishing the elements of Plaintiffs' prima facie case.  The evidence would not be introduced for purposes of tarnishing Firestone's character as suggested by Defendant.  Rather, evidence of previous accidents tends to prove the existence of a dangerous condition, knowledge or notice of that condition, or negligence in allowing the condition to continue. *See Bush v. Michelin Tire Corp.*, 963 F.Supp 1436, 1451 (W.D. Ky. 1996).  The prior claims and lawsuits made against Firestone involving defective tires are sufficiently close in time and sufficiently similar in character to this case, and thus should be properly admissible evidence at trial to show causation and the dangerousness of the product at the time of the manufacture.

Similarly, courts have affirmed the admissibility and relevance of evidence concerning substantially similar products in design and manufacturing defect cases.

*See e.g. In re Aircrash Disaster Near Roselawn Indiana October 31, 1994*, 172 F.R.D. 295 (N.D. Ill. 1997).  Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation. *Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 122, 126 (S.D.N.Y. 1986).

In determining whether accidents are "substantially similar", the predicate for the proof is defined by the defect at issue.  *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986).  This test is consistent with the principle that a defective design case focuses on the condition of the product, not the conduct or behavior of the individual.  Thus, in a design defect case, the essential characteristics of similarity are inherently present if both incidents involve products which possess the same design defect.  *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139, 1143 (5th Cir. 1978), *reh denied*, 570 F.2d 1392 (5th Cir. 1978) (Affirmed admission of testimony from six truck drivers who experienced difficult handling characteristics of different model trucks all of which showed common design defect); *General Motors Corp. v. Van Marter*, 447 So.2d 1291, 1293 (Ala. 1984) (Affirmed other incident evidence concerning different model car; court relied on testimony of plaintiff's expert that the defect in the electrical system was "essentially the same").  Here, because the same design defects have been implemented in different models of Firestone tires, the Defendants' effort to restrict "other dissimilar incidents" to the strenuous definition noted above is unreasonable.

Recently, an Arizona District Court addressed several motions *in limine* filed prior to trial by Continental Tire North America wherein the tire company attempted

to exclude evidence of other accidents or other tires.  *Gonzales v. Continental Tire North America, Inc.*, 2005 WL 5978045.  Applying Texas and Fifth Circuit substantive law, the Court ruled that evidence of earlier accidents that occurred under reasonably similar, but not necessarily identical circumstances was admissible. *Id*. at 3.  The Court noted that such evidence is admissible to evaluate the magnitude of risk of the product hazard. *Id*.  Quoting the Fifth Circuit, the Court declared that a party "should be allowed to show that products similar in all relevant aspects have a long history of unacceptable accident rates and that [the manufacturer] was well aware of this situation at the time they made the particular products at issue." *Id*. quoting *Jackson v. Firestone Tire & Rubber Co.* 788 F.2d 1070, 1083 (5th Cir. 1986).

Evidence and information concerning other incidents is relevant in tire failure cases because failures involving similar tires with similar components can often illustrate a larger and sometimes systemic problem in a tire line or tire brand's design and manufacturing process.  It is misleading to state that no tires other than the Steeltex Radial A/T Load Range D tire (LT265/75R16) and its common green tires are mechanically similar.  For example, a LT265/75R16 tire could be made as a load range C, D or E.  These tires would have exactly the same external dimensions, be made in the same molds and be designed from the same load-inflation equation.

From a tire failure analysis, differences in tire size, rim size, load bearing capacity, tread pattern, and other items that vary from tire line to tire line may or may not be material in learning how well a tire is performing or why it failed.  The distinction of having a "different" specification is largely an artificial distinction. Two otherwise exactly similar tires that differ only in a bead wire or a tread pattern

have a different specification.  The relevant inquiry for determining whether one tire failure is similar to another is whether the tires failed for the same reasons, e.g., had a similar failure mechanism or problem. *See Mitchell* at 1143.

### 3.  EVIDENCE OF OTHER TIRE DESIGNS, LAWSUITS, CLAIMS, AND RECALLS HAS A PROBATIVE VALUE THAT GREATLY OUTWEIGHS ANY PREJUDICIAL EFFECT AND WOULD NOT CONFUSE A JURY

Firestone also argues that any evidence of other similar tires that the Plaintiffs will offer will be prejudicial in nature and misleading to the jury.

### a.  <u>Evidence of Other Similar Incidents Is Highly Probative</u>

Evidence that the defect alleged here has manifested itself on other occasions is one of the most important categories of evidence available to the plaintiff in a defective design case.  This conclusion is supported by four observations:  such evidence is (a) pertinent to the basic issue in controversy, (b) conceptually consistent with the basis of product liability, (c) aids the jury in performing its basic function, and (d) has great probative value and is highly trustworthy.  Taking these points one at a time demonstrates the importance of this data.

### (1).  <u>*Pertinent to The Basic Issue in Controversy.*</u>

The pivotal issue in dispute is whether the tire was designed and manufactured defectively.  By definition, a product is designed to be used safely in the real world environment of use.  From the stand point of pure logic, the strongest evidence the Plaintiff can adduce is evidence that shows that the defect has manifested itself on other occasions in its real world environment of use.  *See* e.g., *John Deere Co. v. May*, 773 S.W. 2d 369, 373 (Tex. App. 1989); *Bass v. Cincinnati, Inc.*,

536 N.E. 2d 831 (Ill. App. 1989); *Gardner v. Q.H.S., Inc.*, 448 F.2d 238, 244 (4th Cir. 1971).

### (2).   *The Evidence is Conceptually Consistent With Basis of Product Liability.*

Modern product liability law focuses on the condition of the product.  *Dart v. Wiebe Manufacturing, Inc.*, 147 Ariz. 242, 709 P.2d 876 (Az. 1985).   Other incident evidence is utterly consistent with this conceptual basis of liability.   Other incident evidence relates directly to the relative safety or danger of the condition that is the focus of the action.  *See* e.g., *Caterpillar Tractor Co. v. Beck*, 624 P.2d 790, 794 (Alaska 1981) (evidence of subsequent accidents were highly probative).

### (3).   *The Evidence Aids The Jury in Performing its Basis Function.*

Other incident evidence greatly assists the jury in resolving the central issue in dispute, namely, whether the condition alleged as the basis of the action is defective or not.  *Ryan, supra*; *Exum v. General Electric Co.*, 819 F.2d 1158 (D.C. Cir. 1987); *Rimer v. Rockwell International Corp.*, 641 F.2d 450 (6th Cir. 1981).

Other incident evidence not only assists the jury in identifying the existence of a defect but in *quantifying its dangerousness*.   Proof that the degree of danger associated with the product is relatively great has a significant legal and practical impact on a number of issues including the defendant's duty, the defendant's knowledge/state of mind and causation, as well as the efficacy of the defenses that may be raised.  *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986); *Johnson v. Colt Industries Operating Corp.*, 797 F.2d 1530, 1535-36 (10th Cir. 1980).

**(4).    *Other Incident Evidence Has Great Probative Value and is Highly Trustworthy.***

In product liability actions, the occurrence of similar accidents or failures involving the same product holds *great relevance*, since evidence of such failures tends to make the existence of a defect more probable than it would be without the evidence.  *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485, 1489 (10th Cir. 1990); *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).

There are two reasons why other incident evidence should be accorded high probative value.  First, although a product is designed to be safely used under a variety of conditions, in the real world, the number of tests which the manufacturer can conduct is recognizably limited.  The standard definition of the manufacturer's duty is expressed in language of a duty to make the product reasonably safe for its "intended" or "foreseeable uses".  Each of these adjectives refer to the foreseeable real world conditions under which the product is actually used.  Thus, reports of actual incidents is even more likely than any test that could be conducted to reveal the existence of a risk of harm associated with the real world use of the product.  Secondly, information of these incidents is likely to be more trustworthy than a test that could be conducted.  These incidents are based on physical traits which can then be objectively demonstrated to the jury.

**b.    The Evidence In Question Is Not Unfairly Prejudicial**

First, it should be noted that other incident evidence may not be excluded simply because it is "prejudicial".  Virtually all evidence is prejudicial; the prejudice must be "unfair".  *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334 (5th Cir. 1980).

In ruling on such an objection, the trial court must balance the potential for unfair prejudice against the evidence's probative value.  Thus, the court must first look at the probative value of other incident evidence and second, its importance to the proponent in the case at bar.  Finally, the court should not exclude evidence unless the probative value is *substantially* outweighed by the danger of unfair prejudice.  *U.S. v. Aguilar Aranceta*, 58 F.3d 796, 800 (1st Cir. 1995)(the court's discretion to exclude evidence based on Rule 403 does not arise where the balance between the probative worth and the captivating factors are debatable).  It is well-recognized that the exclusion of relevant evidence based on Rule 402 is an "*extraordinary* remedy" to be "employed *sparingly*."  *State v. Hummert*, 183 Ariz. 484, 905 P.2d 493 (Ariz. App.Div. 1, 1994); *Wheeler v. John Deere Corp.,* 862 F.2d 1404, 1408 (10th Cir. 1988); *C.A. Associates v. Dow Chemical Co.,* 918 F.2d 1485, 1490 (10th Cir. 1990).

While the Defendant's argument turns largely on the basis that "dissimilar" must necessarily mean "irrelevant," in fact, the factual differences between the incident in question and the other accidents actually strengthens the probative value of the proffered evidence regarding the defective nature of the subject tire.

While Plaintiffs recognize that the exclusion of evidence of this nature rests with the sound discretion of the Trial Court, the Court's discretionary power does not allow it to exclude competent evidence which is essential and vital to a litigant's case without a sound practical reason for barring it.  *See Bailey v. Kawasaki-Kisen, K.K.*, 455 F.2d 392 (5th Cir. 1972).  Plaintiffs respectfully submit that other incidents highlight the dangerous propensities of the design of the subject tire and there is no practical reason for excluding them.  Any dissimilarities should go only to the weight of the

evidence rather than its admissibility.  Cross examination is the appropriate vehicle to question the value of this evidence.  *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434 (10th Cir. 1992).

Furthermore, when a jury is presented with evidence of two similar accidents, it is entitled to use its good judgment in evaluating the similarities and differences between such accidents before making its final decision.  In product liability actions based on defective design, relevant issues may include whether defendant should have foreseen the potential for danger from use of the product as designed, whether a defect existed, and whether a particular danger was unreasonable-including the likelihood of its causing serious injury. *Jones v. Pak-Mor Manufacturing Co.* 145 Ariz. 121 (1985).  Safety history such as prior claims, accidents, recalls, etc., is evidence that may make these ultimate facts more probable or less probable than they would be without the evidence. *Id.*; *See also* FED.R.EVID. 401.  Thus, this Court should allow such evidence to be admitted it Plaintiff's establish the foundation that the evidence is substantially similar to the claims and tire at issue in this case.

### 4.  PLAINTIFFS FULLY INTEND ON DEVELOPING TESTIMONY AND PRESENTING EVIDENCE REGARDING THE STEELTEX RADIAL A/T LOAD RANGE D TIRES

One of the tire lines Defendants' have filed a specific challenge to their admissibility at the time of trial is the **recalled** Steeltex Radial A/T Load Range D Tires.  This is specifically due to the cost game Firestone is playing when recalling tires. The Moreno Steeltex load range E tire was not the subject of a recall, but the Steeltex load range D tires manufactured during the same period were.  This is significant as discovery in this case has revealed that the load range E (nonrecalled)

tires had failure/claim rates far exceeding the recalled load range D tires' failure rates[1], and also far in excess of some of the most notoriously defective tires that have been recalled, such as the Firestone Radial ATX, Radial ATX II and Wilderness AT tires that were the subject of one of the largest recalls in history.  In relation to the total number of tires produced, the recalled tires represent a fraction of the amount of tires in comparison to other tire lines that were not recalled with higher failure/claim rates.

Not only will Plaintiffs show that this information is substantially similar as demonstrated above, in light of the alarming statistics regarding the recalled vs. non-recalled tires and the manner in which Firestone acted based on the knowledge available to them prior to the incident in question, Plaintiffs will offer this evidence to prove the existence of a dangerous condition, knowledge or notice of that condition, and negligence in allowing the condition to continue.

### 5. **PLAINTIFFS DO NOT INTEND ON OFFERING EVIDENCE REGARDING THE BRAZILIAN STEELTEX TIRES**

In Defendants final point, they ask the Court that evidence relating to the Brazilian Steeltex tire issues be excluded from being offered as evidence in this case. Plaintiffs do not intend to introduce at trial evidence regarding issues specifically related to the Brazilian tire issues.  Plaintiffs do ask that this Limine Order be mutually binding on all parties so that Defendants are prohibited from doing the same.  Therefore, Plaintiffs agree to this section of Defendants' Motion as long as this

---

[1] Plaintiffs have confidential information produced by Firestone subject to a protective order in their possession that substantiates their claims.  Plaintiffs intend on bringing the confidential documents to the pretrial hearing.  Should the Court want these documents sooner, Plaintiffs can file the documents under seal with the Court's permission.

Order is mutually binding on all parties.  Plaintiffs agree to approach the bench prior to making offering any evidence in the presence of the jury.

## CONCLUSION

Proper evidence regarding other claims, tire designs, lawsuits, and recalls should be introduced to the jury if Plaintiffs show a foundation of substantial similarity between the evidence introduced and the subject tire and claims.  It will aid them in ultimately determining whether there was a defect in the tire manufactured by Cooper.

For these reasons Plaintiffs respectfully request this Court deny Defendant's Motion *In Limine* to Exclude Evidence Relating to Dissimilar Tire Designs, Lawsuits, Claims, and Recalls along with its supplement thereto.  Alternatively, Plaintiffs request an opportunity to analyze the documents with the Court, Plaintiffs' expert(s), and trial witnesses**.**

DATED this 8th day of December, 2008.

**SICO, WHITE, HOELSCHER & BRAUGH L.L.P. and LUCIA STARK WILLIAMSON LLP**

By /s/ Roger S. Braugh, Jr.
Roger S. Braugh, Jr.
802 N. Carancahua, Suite 900
Corpus Christi, TX 78470
Attorneys for Plaintiffs

ORIGINAL filed via ECF and copy of
The foregoing mailed this 8th day
of December, 2008* to:

William L. Thorpe
Scott Day Freeman
FENNEMORE CRAIG, P.C.
3003 N. Central Ave., Suite 2600
Phoenix, AZ  85012-2913
     Attorneys for Defendants

Linda B. Williamson
LUCIA STARK WILLIAMSON LLP
2700 N. Central Ave., Suite 1400
Phoenix, AZ  85004
     Co-Counsel for Plaintiffs


By /s/ Roger S. Braugh, Jr.