Roger S. Braugh, Jr. (Pro Hac Vice)
**SICO, WHITE, HOELSCHER & BRAUGH L.L.P.**
802 N. Carancahua, Suite 900
Corpus Christi, TX 78470
Telephone (361) 653-3300

Linda B. Williamson (No. 009891)
**LUCIA STARK WILLIAMSON LLP**
2700 N. Central Ave., Suite 1400
Phoenix, Arizona  85004
Telephone: (602) 285-4400
Facsimile:  (602) 285-4483

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Juarez Moreno, individually and as surviving spouse, and on behalf of all statutory beneficiaries of Antonia de Santiago Castillo, deceased; et. al.,<br>Plaintiffs,<br><br>v.<br><br>Bridgestone/Firestone, Inc., an Ohio Corporation; Bridgestone/Firestone North American Tire, L.L.C., a Delaware limited liability company; Bridgestone Americas Holding, Inc., a Nevada corporation; Bridgestone Corporation, a Japanese corporation; Black and White Corporations I-X; Black and White Partnerships I-X; John Does 1-10,<br>Defendants. | No. CIV 07-889-PHX-NVW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S MOTION IN LIMINE RELATING TO DISSIMILAR ACCIDENTS AND LITIGATION** |

COME NOW, Plaintiffs and file their Opposition to Defendant Bridgestone Firestone North American Tire, LLC's (hereinafter "Firestone") Motion *in limine* for an order precluding Plaintiffs, their attorneys, and all witness and experts from referring to or otherwise attempting to introduce at trial testimony or evidence relating to other tire failure accidents, claims and/or litigation.  Defendant ignores

-1-

the well established authority that other complaints, accidents, litigation and/or claims are relevant for purposes of demonstrating Defendants' notice of defects. In addition, Plaintiffs' experts are permitted to rely on this evidence as a basis for their opinions. Defendants' Motion is not supported by well established case law and should be denied in its entirety.

**ARGUMENTS AND AUTHORITIES**

**1. Introduction**

This action arises out of a single vehicle incident that occurred on June 16, 2004 in Chihuahua, Mexico. At the time of the subject incident, Plaintiffs were traveling in a 2000 Ford Excursion when the left rear Firestone Steeltex Radial A/T LT265/75 R16 Load Range E radial tire suffered a catastrophic tread-belt separation causing the driver of the vehicle to lose control.

This was not the first tire failure known to Defendant Firestone. In light of the 2000/2001 Firestone recall campaign, Firestone design, engineering and marketing personnel were well aware of reports and customer complaints concerning Firestone tires. While the Steeltex Load Range E tire was not subject to any voluntary recalls by Firestone, the Steeltex Load Range D tires were[1]. Defendants' Motion seeks to preclude Plaintiffs from offering any evidence or testimony of other substantially similar incidents, complaints or lawsuits. Defendants support its request by presuming that all accidents are dissimilar, and by arguing that even if it were possible to produce evidence of a substantially similar claim, it should be excluded

---

[1] See Plaintiffs' response to Defendants' Motion in Limine regarding Dissimilar Tires

based on the fact that it would be unfairly prejudicial.  Lastly, Firestone argues that any evidence of other incidents, claims and/or litigation must constitute inadmissible hearsay.

Plaintiffs generally agree with the proposition that before evidence of other incidents can be properly admitted, the moving party must establish the substantial similarity between the incident and what occurred in the present matter and seek a mutually binding order from the Court requiring both Plaintiffs and Defendants from introducing evidence without first seeking Court approval outside the presence of the jury.  However, Defendants Motion is premature and therefore inappropriate at this time as the Court is best situated to evaluate the propriety of such evidence and testimony at the time of trial.

2. **Defendants' Definition of Substantially Similar Incidents is Overly Narrow**

Firestone has argued that Plaintiffs must show evidence that the other incidents involving the "same type of failure of LT265/75R16 Steeltex Radial A/T Load Range E tires that were (i) manufactured in Firestone' Aiken, South Carolina plaint to the same specification as the subject tire, (ii) mounted on substantially similar Ford Excursions, and (iii) used and operated in substantially similar manners and conditions leading up to the accident."  *See* Defendants' Motion at 4.

Contrary to what Firestone would have this Court believe, the "substantial similarity" requirement does not require proof that the circumstances of the two incidents were identical or perfectly similar.  *Burgbacher v. Mellor*, 112 Ariz. 481, 483 (1975) ("it is sufficient if they are similar in general character…"); *Slow Development*

*Co. v. Coulter*, 88 Ariz. 122, 125 (1960) ("it is not necessary that it be shown that such accidents occurred under circumstances precisely the same as those surrounding the accident in question…"); *Kehm v. Proctor & Gabble Mfg. Co.*, 724 F.2d 613, 625-626 (8th Cir. 1983); *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 554-556 (D.C. Cir. 1993); *1 Louisell & Mueller Federal Evidence* § 98 ("an exact identity of conditions is certainly not required, and it seems there may be 'substantial dissimilarities' as well"); *American law of Products Liability 3rd.*, § 1438 ("perfect similarity is not required, since and dissimilarity brought out on cross examination may be taken into account by the jury when determining the weight of the evidence").

In determining whether accidents are "substantially similar", the predicate for the proof is defined by the defect at issue. *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986). This test is consistent with the principle that a defective design case focuses on the condition of the product, not the conduct or behavior of the individual. Thus, in a design defect case, the essential characteristics of similarity are inherently present if both incidents involve products which possess the same design defect. *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139, 1143 (5th Cir. 1978), *reh denied*, 570 F.2d 1392 (5th Cir. 1978)(Affirmed admission of testimony from six truck drivers who experienced difficult handling characteristics of different model trucks all of which showed common design defect); *General Motors Corp. v. Van Marter*, 447 So.2d 1291, 1293 (Ala. 1984) (Affirmed other incident evidence concerning different model car; court relied on testimony of plaintiff's expert that the defect in the electrical system was "essentially the same"). Here, because the same design defects have been implemented in different models of Firestone tires, the Defendants'

effort to restrict "other dissimilar incidents" to the strenuous definition noted above is unreasonable.

2. **Plaintiffs' Other Similar Evidence Should Not be Precluded Under Rule 403**

Firestone also argues that any evidence of other incidents that the Plaintiffs will offer will be prejudicial in nature and require Firestone to defend not only this suit, but against every addition accident referenced by Plaintiffs. Defendants' Motion at 4.

### a. Evidence of Other Similar Incidents Is Highly Probative

Evidence that the defect alleged here has manifested itself on other occasions is one of the most important categories of evidence available to the plaintiff in a defective design case. This conclusion is supported by four observations: such evidence is (a) pertinent to the basic issue in controversy, (b) conceptually consistent with the basis of product liability, (c) aids the jury in performing its basic function, and (d) has great probative value and is highly trustworthy. Taking these points one at a time demonstrates the importance of this data.

### (1). *Pertinent to The Basic Issue in Controversy.*

The pivotal issue in dispute is whether the tire was designed and manufactured defectively. By definition, a product is designed to be used safely in the real world environment of use. From the stand point of pure logic, the strongest evidence the Plaintiff can adduce is evidence that shows that the defect has manifested itself on other occasions in its real world environment of use. *See* e.g., *John Deere Co. v. May*, 773 S.W. 2d 369, 373 (Tex. App. 1989); *Bass v. Cincinnati, Inc.*,

536 N.E. 2d 831 (Ill. App. 1989); *Gardner v. Q.H.S., Inc.*, 448 F.2d 238, 244 (4th Cir. 1971).

**(2).** *The Evidence is Conceptually Consistent With Basis of Product Liability.*

Modern product liability law focuses on the condition of the product. *Dart v. Wiebe Manufacturing, Inc.*, 147 Ariz. 242, 709 P.2d 876 (Az. 1985). Other incident evidence is utterly consistent with this conceptual basis of liability. Other incident evidence relates directly to the relative safety or danger of the condition that is the focus of the action. *See* e.g., *Caterpillar Tractor Co. v. Beck*, 624 P.2d 790, 794 (Alaska 1981) (evidence of subsequent accidents were highly probative).

**(3).** *The Evidence Aids The Jury in Performing its Basis Function.*

Other incident evidence greatly assists the jury in resolving the central issue in dispute, namely, whether the condition alleged as the basis of the action is defective or not. *Ryan, supra*; *Exum v. General Electric Co.*, 819 F.2d 1158 (D.C. Cir. 1987); *Rimer v. Rockwell International Corp.*, 641 F.2d 450 (6th Cir. 1981).

Other incident evidence not only assists the jury in identifying the existence of a defect but in *quantifying its dangerousness*. Proof that the degree of danger associated with the product is relatively great has a significant legal and practical impact on a number of issues including the defendant's duty, the defendant's knowledge/state of mind and causation, as well as the efficacy of the defenses that may be raised. *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986); *Johnson v. Colt Industries Operating Corp.*, 797 F.2d 1530, 1535-36 (10th Cir. 1980).

### (4). *Other Incident Evidence Has Great Probative Value and is Highly Trustworthy.*

In product liability actions, the occurrence of similar accidents or failures involving the same product holds *great relevance*, since evidence of such failures tends to make the existence of a defect more probable than it would be without the evidence. *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485, 1489 (10th Cir. 1990); *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).

There are two reasons why other incident evidence should be accorded high probative value. First, although a product is designed to be safely used under a variety of conditions, in the real world, the number of tests which the manufacturer can conduct is recognizably limited. The standard definition of the manufacturer's duty is expressed in language of a duty to make the product reasonably safe for its "intended" or "foreseeable uses". Each of these adjectives refer to the foreseeable real world conditions under which the product is actually used. Thus, reports of actual incidents is even more likely than any test that could be conducted to reveal the existence of a risk of harm associated with the real world use of the product. Secondly, information of these incidents is likely to be more trustworthy than a test that could be conducted. These incidents are based on physical traits which can then be objectively demonstrated to the jury.

### b.   The Evidence In Question Is Not Unfairly Prejudicial

First, it should be noted that other incident evidence may not be excluded simply because it is "prejudicial". Virtually all evidence is prejudicial; the prejudice must be "unfair". *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334 (5th Cir. 1980).

In ruling on such an objection, the trial court must balance the potential for unfair prejudice against the evidence's probative value. Thus, the court must first look at the probative value of other incident evidence and second, its importance to the proponent in the case at bar. Finally, the court should not exclude evidence unless the probative value is *substantially* outweighed by the danger of unfair prejudice. *U.S. v. Aguilar Aranceta*, 58 F.3d 796, 800 (1st Cir. 1995) (the court's discretion to exclude evidence based on Rule 403 does not arise where the balance between the probative worth and the captivating factors are debatable). It is well-recognized that the exclusion of relevant evidence based on Rule 402 is an "*extraordinary* remedy" to be "employed *sparingly*." *State v. Hummert*, 183 Ariz. 484, 905 P.2d 493 (Ariz. App.Div. 1, 1994); *Wheeler v. John Deere Corp.*, 862 F.2d 1404, 1408 (10th Cir. 1988); *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485, 1490 (10th Cir. 1990).

While the Defendant's argument turns largely on the basis that "dissimilar" must necessarily mean "irrelevant," in fact, the factual differences between the incident in question and the other accidents actually strengthens the probative value of the proffered evidence regarding the defective nature of the subject tire.

While Plaintiffs recognize that the exclusion of evidence of this nature rests with the sound discretion of the Trial Court, the Court's discretionary power does not allow it to exclude competent evidence which is essential and vital to a litigant's case without a sound practical reason for barring it. *See Bailey v. Kawasaki-Kisen, K.K.*, 455 F.2d 392 (5th Cir. 1972). Plaintiffs respectfully submit that other incidents highlight the dangerous propensities of the design of the subject tire and there is no practical reason for excluding them. Any dissimilarities should go only to the weight of the

evidence rather than its admissibility. Cross examination is the appropriate vehicle to question the value of this evidence. *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434 (10th Cir. 1992).

### 3. Plaintiffs' Expert Witnesses are Permitted to Rely on Evidence of other Incidents, Litigation or Complaints as a Basis of Their Opinions

Defendants also ask this Court for a ruling regarding "back door" offers of dissimilar incidents through expert witnesses. Contrary to Defendants' assertion, Plaintiffs' expert witnesses are permitted to rely on evidence of other complaints, accidents, litigation, and claims as a basis for their opinions. This evidence is relevant to the manufacturing and design problems associated with the Firestone tire brand. While Plaintiffs agree not to discuss the injuries and/or fatalities of any similar incidents relied upon by their experts, the facts surrounding the failures that lead to the claims or lawsuits directly relate to Plaintiffs' negligence claims against Firestone.

Defendants' "back door" Motion is predicated upon the idea that 1) the Court would previously deny Plaintiffs' request to use similar incidents and 2) Plaintiffs would then attempt to violate the Court's Limine Order by introducing the evidence through expert testimony. Should the Court grant Defendants' Motion, Plaintiffs certainly agree to approach the Court before offering any evidence in violation of a Limine Order.

### 4. Plaintiffs agree that no depositions from other cases should be offered or used by either Plaintiffs or Defendants

In Defendants final point, they ask the Court that evidence relating to other deposition testimony be excluded from being offered as substantive evidence in this case. Plaintiffs do not intend to introduce at trial substantive evidence through other

depositions outside of this litigation. Plaintiffs do ask that this Limine Order be mutually binding on all parties so that Defendants are prohibited from doing the same. Therefore, Plaintiffs agree to this section of Defendants' Motion as long as this Order is mutually binding on all parties. Plaintiffs agree to approach the bench prior to making offering any substantive evidence through depositions in the presence of the jury.

## CONCLUSION

Proper evidence regarding other incidents, claims, or lawsuits, and recalls should be introduced to the jury if Plaintiffs show a foundation of substantial similarity between the evidence introduced and the subject tire and claims. It will aid them in ultimately determining whether there was a defect in the tire manufactured by Firestone.

For these reasons Plaintiffs respectfully request this Court deny Defendant's Motion *In Limine* to Exclude Evidence Relating to Dissimilar Accidents, Lawsuits, and Claims.

DATED this 8th day of December, 2008.

**SICO, WHITE, HOELSCHER & BRAUGH L.L.P. and LUCIA STARK WILLIAMSON LLP**

By /s/ Roger S. Braugh, Jr.
    Roger S. Braugh, Jr.
    802 N. Carancahua, Suite 900
    Corpus Christi, TX 78470
    Attorneys for Plaintiffs

ORIGINAL filed via ECF and copy of
The foregoing mailed this 8th day
of December, 2008* to:

William L. Thorpe
Scott Day Freeman
FENNEMORE CRAIG, P.C.
3003 N. Central Ave., Suite 2600
Phoenix, AZ  85012-2913
    Attorneys for Defendants

Linda B. Williamson
LUCIA STARK WILLIAMSON LLP
2700 N. Central Ave., Suite 1400
Phoenix, AZ  85004
    Co-Counsel for Plaintiffs

By /s/ Roger S. Braugh, Jr.